IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| DAVID C. RANDALL, II, ) | |
| ANGELA K. RANDALL, ) | Bankruptcy No. 11-01570 |
| ) | |
| Debtors. ) | |

**ORDER RE: MOTION TO AVOID LIEN AND FOR
TURNOVER OF PROPERTY TO DEBTOR**

This matter came before the Court at a hearing on Co-Debtor David Randall's Motion to Avoid Lien and for Turnover of Property. Creditor James Bertling garnished Debtor's pre-petition and post-petition wages to satisfy a judgment lien. Debtors claim the pre-petition wages are exempt under Iowa Code § 627.6(10), and that Bertling's post-petition garnishment violated the automatic stay. Debtors seek return of the garnished wages and avoidance under 11 U.S.C. § 522(f) of Bertling's judgment lien. Steve Klesner represented David Randall. James Bertling appeared pro se. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## FINDINGS OF FACT

Bertling obtained a judgment lien against David Randall following Randall's failure to pay Bertling for restoration and repairs to Randall's vehicle. Bertling garnished $173.82 from Randall's paycheck before Debtors filed for bankruptcy on June 30, 2011. Bertling then garnished $173.82 of Randall's post-petition wages. The garnished funds are still in possession of the Linn County Clerk of Court.

**A. Pre-Petition Garnished Wages**

"The [bankruptcy code] … allows a debtor to 'exempt' certain property from the estate and retain it for the purpose of making a 'fresh start' after the bankruptcy proceeding is concluded." In re Benn, 491 F.3d 811, 813 (8th Cir. 2007) (citing 14 Collier on Bankruptcy Intro-2 (15th ed. rev. 2006)). The Bankruptcy Code section controlling exemptions is 11 U.S.C. § 522.

"A bankruptcy debtor may choose between the federal exemptions provided in 11 U.S.C. § 522(d) and the exemptions provided under state law … However, states may choose to opt out of the federal exemptions, and thereby limit their debtors to state exemptions. Iowa has done so." In re Roberts, 450 B.R. 159, 164 (N.D. Iowa 2011) (citing In re Huebner, 986 F.2d 1222, 1224 (8th Cir. 2011) and Iowa Code § 627.10).

The exemptions that a debtor may claim in bankruptcy are listed in Iowa Code § 627.6. Debtors claim the pre-petition garnished wages are exempt as "accrued wages" under § 627.6(10). Under that section, a debtor may exempt "the debtor's interest in accrued wages … as of the date of filing of the petition in bankruptcy, not to exceed one thousand dollars in the aggregate." Iowa Code § 627.6(10).

"Delivery of garnished funds to the sheriff does not automatically entitle the garnishment plaintiff to the money." In re Yetter, 112 B.R. 301, 303 (Bankr. S.D. Iowa 1990) (citing Hubbard v. Des Moines Ind. City. Sch. Dist., 323 N.W.2d 238, 240 (Iowa 1982)). Iowa Code § 642.14 gives a debtor an opportunity to "set up facts to show that the debt or the property with which it is sought to charge the garnishee is exempt…." Yetter, 112 B.R. at 303. Until the court enters a condemnation order, a debtor possesses an interest in garnished funds and can claim the funds under the "accrued wages" exemption. In re Forkner, No. 10-01585, 2010 WL 5462543 at *4 (Bankr. N.D. Iowa Dec. 22, 2010) (citing In re See, 301 B.R. 549, 551 (Bankr. N.D. Iowa 2003). "The order condemning the funds extinguishes any right or interest of the debtor held in the funds." In re See, 301 B.R. at 551.

The Bankruptcy Code also grants a debtor certain powers to avoid or remove liens on exempt property. "[T]he debtor may avoid the fixing of a lien on an

3

interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled … if such a lien is … a judicial lien." 11 U.S.C. § 522(f)(1)(A). Once the lien is avoided, "an entity … in possession … of property that the debtor may exempt … shall deliver to the trustee … such property or the value of such property." 11 U.S.C. § 542(a).

### B. Post-Petition Garnished Wages

"The filing of a bankruptcy petition imposes an automatic stay pursuant to § 362." In re Hromidko, 302 B.R. 629, 632 (Bankr. N.D. Iowa 2003). "The scope of the automatic stay is extremely broad. By the passage of § 362, Congress intended the automatic stay to stop 'all collection efforts, all harassment, and all foreclosure actions' and 'prevent creditors from attempting in any way to collect a pre-petition debt.'" Hromidko, 302 B.R. at 632 (quoting H.R.595, 9th Cong., 1st Sess. § 340-42 (1977), U.S. Code Cong. & Admin. News 1978, 5963, 6298). Post-petition garnishment violates the automatic stay. See 11 U.S.C. § 362(a)(2); See also Forkner, 2010 WL 5462543 at *5. "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

### C. Application of the law in this Case

Randall retains an interest in the pre-petition garnished funds. They are in possession of the court but have not yet been condemned. Debtors have claimed the garnished wages exempt as accrued wages under Iowa Code § 627.6. The wages are "accrued wages" as defined in the Code. The amount Randall claims exempt does not approach the statutory maximum of $1,000.00.

Because Debtors here have properly claimed the accrued wages exemption, Bertling's judicial lien on those wages impairs that exemption. Thus, Debtors can avoid Bertling's judicial lien under the Bankruptcy Code section that allows liens that impair exempt property to be removed pursuant to 11 U.S.C. § 522(f)(1)(A). Ordinarily, the Linn County Clerk of Court would turn the property over to the Trustee. 11 U.S.C. § 542(a). Here, the time for Trustee to challenge the exemption has passed. See Fed. R. Bankr. P. 4003(b). Therefore, the wages should be turned over directly to Debtor.

The Court further holds that Bertling's garnishment of Debtor's post-petition wages violated the automatic stay. Debtors do not seek punitive damages for the violation of the stay. Debtor suffered actual damages in the amount of $173.82. These post-petition wages must be returned to Debtors. This Court agrees with Debtors that punitive damages are not appropriate.

**WHEREFORE**, Debtor's Motion to Avoid Lien and for Turnover of Property to Debtor is GRANTED.

**FURTHER**, Debtor is to provide a proposed order for the Court's consideration regarding turnover of garnished funds.

Dated and Entered: November 8, 2011

_____
Thad J. Collins
Chief Bankruptcy Judge